IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**NEIL E. RIVERS,**
    Plaintiff,

vs.          Case No.: 3:05cv236/RV/MD

**ESCAMBIA COUNTY JAIL,**
    Defendant.

## REPORT AND RECOMMENDATION

**Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*,**[1] **has filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 7). Upon review of the complaint, the court concludes that plaintiff has not presented an actionable claim and that dismissal of this case is warranted.**

**Since plaintiff is proceeding *in forma pauperis,* the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). A complaint is frivolous under section 1915(d) "where it lacks an arguable basis either in law or in fact."** *Neitzke v. Williams*, **490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless,"** *Id.* **at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless."** *Denton v. Hernandez*, **504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).**

---

[1] Plaintiff was not required to submit an initial partial filing fee. (Doc. 6). Court records reflect that he has made no payments toward the $250.00 filing fee; therefore, he still owes $250.00 to the court.

*Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).  The allegations of the complaint are taken as true and construed in the light most favorable to the plaintiff.  *Davis v. Monroe County Bd. Of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997).  The complaint may be dismissed only if it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief.  *Brown v. Budget Rent-A-Car Systems, Inc.*, 119 F.3d 922, 923 (11th Cir. 1997).  Upon review of plaintiff's amended complaint, the court concludes that it does not present an actionable claim.

Plaintiff is currently incarcerated at the Escambia County Jail ("the Jail").  Named as defendants in his amended complaint are Ron McNesby, Sheriff of Escambia County, Florida; and Dennis Williams, Director of the Jail.  Plaintiff complains of racial segregation and overcrowding.  As relief, he requests that the Jail be required to "come in compliance" and that the Jail's grievance procedure be modified to restrict those who read them.

Title 42 U.S.C. § 1997e provides in relevant part:  "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Thus, exhaustion of all available administrative remedies is mandatory, and is a pre-condition to suit.  *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 988, 152 L.Ed.2d 12 (2002) (citing *Booth v. Churner*, 532 U.S. 731, 739, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001)); *see also Alexander v. Hawk*, 159 F.3d 1321 (11th Cir. 1998).[2]  The

---

[2] The purpose of the exhaustion requirement is to reduce the quantity and improve the quality of prisoner suits. *Porter v. Nussle*, 534 U.S. at 524, 122 S.Ct. 983.  In *Alexander*, the Eleventh Circuit noted the following seven policy reasons favoring exhaustion:

(1)   to avoid premature interruption of the administrative process;
(2)   to let the agency develop the necessary factual background upon which decisions should be based;
(3)   to permit the agency to exercise its discretion or apply its expertise;
(4)   to improve the efficiency of the administrative process;
(5)   to conserve scarce judicial resources;
(6)   to give the agency a chance to discover and correct its own errors; and
(7)   to avoid the possibility that "frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures."

exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Porter v. Nussle, supra*. Exhaustion is required whether the plaintiff seeks declaratory and injunctive relief, monetary damages, or both. *Booth v. Churner,* 532 U.S. 731, 121 S.Ct. at 1825; *see also Zolicoffer v. Scott,* 55 F.Supp.2d 1372, 1375 (N.D. Ga. 1999), *aff'd*, 252 F.3d 440 (11th Cir. 2001). The requirement is not subject to either waiver by a court or futility or inadequacy exceptions. *See Booth v. Churner*, 532 U.S. 731, 741 n. 6; *McCarthy v. Madigan*, 503 U.S. 140, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992) ("Where Congress specifically mandates, exhaustion is required."); *Alexander v. Hawk*, *supra*. Based on the foregoing, this court must dismiss a claim if it determines that plaintiff failed to exhaust his administrative remedies with respect to that claim prior to filing this lawsuit. *Higginbottom v. Carter,* 223 F.3d 1259, 1261 (11th Cir. 2000); *Alexander v. Hawk*, 159 F.3d at 1325-26.

In his amended complaint, plaintiff states that the Jail has a grievance procedure. (Doc. 7, p. 4). He admits that he did not submit a grievance concerning the facts relating to his complaint, explaining that grievances are not answered and that when officers pick up the grievances "they are later displaced especially when the complaint concerns a sensitive nature." (*Id.*). Taking the allegations of the complaint as true and construing them in the light most favorable to plaintiff, it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. *See Davis v. Monroe County Bd. Of Educ.*, 120 F.3d at 1393. Plaintiff admits that the Jail has a grievance procedure. He further admits that he did not avail himself of that procedure. In interpreting his stated reason for failing to do so, the failure is because plaintiff believed his grievance would not be answered due to officer interference in delivering the grievance to the appropriate official. As plaintiff does not, and clearly cannot, plead that he exhausted all available administrative remedies, dismissal of this action without prejudice is warranted under 28 U.S.C. §

---

*Id.* at 1327 (quoting *Kobleur v. Group Hospitalization and Medical Services, Inc.*, 954 F.2d 705, 712 (11th Cir. 1992)). These sound reasons are certainly applicable to the instant case.

1915(e)(2)(B)(ii).[3]  *See, e.g., Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000) ("[T]he exhaustion requirement cannot be waived based upon the prisoner's belief that pursuing administrative procedures would be futile." (citing *Alexander v. Hawk,* 159 F.3d at 1323)).

Accordingly, it is respectfully RECOMMENDED:

That this cause be DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and the clerk be directed to close the file.

At Pensacola, Florida this 31st day of October, 2005.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**

---

[3] *See Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) ("A claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted.")

*Case No: 3:05cv236/RV/MD*